*Weaver v. Mitchell*

36

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**FILED**

FEB 0 8 2018

JUDGE VIRGINIA M. KENDALL
U.S DISTRICT COURT

1

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and the stipulations.

A stipulation is an agreement between both sides that certain facts are true.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not in evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must not consider it against any other party.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness you may consider, among other things:

- The ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- The witness's memory;

- Any interest, bias, or prejudice the witness may have;

- The witness's intelligence;

- The manner of the witness while testifying;

- And the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by a party under oath before trial as evidence of the truth of what he or she said in the earlier statements; as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement that is inconsistent with his or her testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or detail.

You have heard evidence that Plaintiff has been convicted of a felony. You may use that evidence only to help you decide whether to believe the witness and how much weight to give his testimony.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

The Plaintiff in this case is Wendell Weaver. I will refer to him as the Plaintiff. The Defendants in this case are Jacqueline Mitchell and Randy Pfister. I will refer to them as the Defendants.

You must give separate consideration to each defendant in this case. Although there are two (2) defendants, it does not follow that if one is liable, the other is also liable.

Defendants are being sued as individuals.  Neither the Illinois Department of Corrections nor the State of Illinois is a party to this lawsuit.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

You have heard evidence about whether Defendant's conduct complied with or violated an administrative rule or institutional directive. You may consider this evidence in your deliberations. But remember that the issue is whether Defendants acted with deliberate indifference to Plaintiff's serious medical needs, not whether a procedure might have been complied with or violated.

To succeed on his claim against Defendant Jacqueline Mitchell for failure to provide medical care, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.      Plaintiff had a serious medical need; and

2.      Defendant was aware that Plaintiff had a serious medical need or strongly suspected facts showing a strong likelihood that Plaintiff had a serious medical need but refused to confirm whether these facts were true; and

3.      Defendant consciously failed to take reasonable measures to provide treatment for the serious medical need; and

4.      As a result of Defendant's actions or inaction, Plaintiff was harmed or subjected to a significant risk of harm.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for the Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages.

When I use the term "serious medical need," I mean a condition that a doctor says requires treatment, or something so obvious that even someone who is not a doctor would recognize it as requiring treatment. In deciding whether a medical need is serious, you should consider the following factors:

- the severity of the condition;

- the harm, including pain and suffering, that could result from a lack of medical care;

- whether providing treatment was feasible; and

- the actual harm caused by the lack of medical care.

A tooth abscess can be a serious medical need that requires prompt medical treatment.

You may infer that Defendant was aware that Plaintiff had a serious medical need or strongly suspected facts showing a strong likelihood that Plaintiff had a serious medical need if the need was obvious.

You may infer that Defendant consciously failed to take reasonable measures if Defendant's action or failure to act was such a substantial departure from accepted professional judgment, practice or standards that it showed a complete abandonment of medical judgment.

Plaintiff does not have to show that Defendant ignored him or provided no care. If Defendant provided some care, Plaintiff must show that Defendant knew her actions likely would be ineffective or that Defendant's actions were clearly inappropriate.

In deciding whether Defendant failed to take reasonable measures, you may consider the seriousness of Plaintiff's medical need, how difficult it would have been for Defendant to provide treatment, and whether Defendant had legitimate reasons related to safety or security for failing to provide treatment.

The decision of a medical professional to do nothing, even though he or she knows that a patient has a serious medical condition requiring prompt treatment that the professional is capable of and responsible for providing, amounts to deliberate indifference.

Plaintiff may prove that Defendant harmed him with evidence that his condition worsened as a result of Defendant's conduct or that he suffered prolonged, unnecessary pain.

Although prisoners retain a limited right to refuse treatment and to be informed of the proposed treatment and viable alternatives, failure to obtain informed consent by itself with nothing more is a claim for medical negligence, not for deliberate indifference. In order to rise to the level of a constitutional violation, a prison official's failure to adequately inform a patient regarding proposed medical treatment must be done with, at a minimum, deliberate indifference to the prisoner's right to refuse treatment. Simple negligence is not sufficient.

In order to prevail on Plaintiff's claim against Defendant Pfister alleging liability based on an official policy, practice, or custom, Plaintiff must prove all of the following elements by a preponderance of the evidence:

1.  When Defendant Mitchell did not provide Plaintiff with a post, core, and crown, she acted pursuant to a policy at Stateville Correctional Center; and

2.  This policy caused the deprivation of the plaintiff's rights. In other words, this policy is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused his ultimate injury; and

3.  The policy was adopted by Defendant Pfister from a deliberate choice to follow a course of action to not perform post, core, and crown procedures.

If you find that the Plaintiff has proved each of these things by a preponderance of the evidence then you should find for the Plaintiff on his claim against Defendant Pfister. If, on the other hand, you find that the Plaintiff has failed to prove any one or more of these things then you should find for the Defendant.

If you decide for the Defendants on the question of liability, then you should not consider the question of damages.

If you find that Plaintiff has proved any of his claims against any of the Defendants, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.

If you find in favor of the Plaintiff's claim, then you must determine the amount of money that will fairly compensate him for any injury that you find he sustained as a result of the Defendants' wrongful conduct. These are called "compensatory damages."

Plaintiff must prove compensatory damages by preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages:

- The physical pain and suffering that Plaintiff has experienced; and

- The mental and emotional pain and suffering that Plaintiff has experienced.

No evidence of the dollar value of physical or mental and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate Plaintiff for injuries he has sustained.

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate what your numerical division is, if any.

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.