**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WENDELL WEAVER, | |
| *Plaintiff*, | No. 15-cv-2950 |
| v. | The Honorable Virginia M. Kendall |
| JACQUELINE MITCHELL and RANDY PFISTER, | |
| *Defendants*. | |

**PLAINTIFF WENDELL WEAVER'S
MOTION FOR A NEW TRIAL**

Plaintiff Wendell Weaver moves this Honorable Court for a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure. Mr. Weaver's case proceeded to a jury trial on February 6, 2018, and concluded with a verdict in favor of Defendants Jacqueline Mitchell and Randy Pfister on February 8, 2018. The jury's verdict is against the weight of the evidence and is based in part on the false testimony of Defendant Mitchell. Mr. Weaver therefore respectfully requests a new trial pursuant to Rule 59(a).

**<u>STANDARD OF REVIEW</u>**

Under Rule 59(a) of the Federal Rules of Civil Procedure, a new trial may be granted after a jury trial "for any reason for which a new trial has been granted in an action at law in a federal court." Fed. R. Civ. P. 59(a). The Court should grant a motion for a new trial when the clear weight of the evidence is against the jury verdict or for some other reason the trial was not fair to the moving party. *See Scaggs v. Consolidated Rail Corp.*, 6 F.3d 1290, 1293 (7th Cir. 1993). A motion for a new trial should also be granted when the jury's verdict is based on false

testimony. *See Viskase Corp. v. Am. Nat. Can Co.*, 979 F. Supp. 697, 705 (N.D. Ill. 1997), *aff'd*, 261 F.3d 1316 (Fed. Cir. 2001).

## STATEMENT OF FACTS

Mr. Weaver is an inmate at Stateville Correctional Center. Defendant Pfister is the Warden of Stateville, responsible for Stateville's medical and dental policies. Defendant Mitchell was a dentist at Stateville.

On June 6, 2008, a dentist at Stateville initiated root canal treatment on Mr. Weaver's right first bicuspid tooth (the "#5 Tooth"). The procedure was completed on September 10, 2008. Defendant Mitchell noted in Mr. Weaver's medical records that he "need[ed] a post and core and crown." Defendant Mitchell and Mr. Weaver had several conversations about the post core and crown procedure, and Mr. Weaver made clear that he did not want to have a root canal procedure without a post core and crown.

On December 7, 2011, Defendant Mitchell began a root canal procedure on Mr. Weaver's first left bicuspid (the "#12 Tooth") without his consent. Following multiple delays in treatment, Defendant Mitchell completed the root canal on Mr. Weaver's #12 Tooth approximately six months later, on May 15, 2012. During that nearly six-month delay, Mr. Weaver suffered excruciating pain. Mr. Weaver complained of Mr. Weaver's #12 Tooth eventually broke and became abscessed.

On July 18, 2017, Mr. Weaver was seen by Dr. Glenn Scheive, a dentist practicing outside of Stateville in Joliet, IL. Mr. Weaver was referred to Dr. Scheive for extraction of his wisdom teeth. Upon examining Mr. Weaver, Dr. Scheive diagnosed his #12 Tooth as abscessed and identified bone loss surrounding his #12 Tooth.

## ARGUMENT

**I. The Jury's Verdict Was Against the Weight of the Evidence**

When the dispositive evidence establishing the elements of a claim remains uncontroverted, any verdict against that evidence is unsupported, and a new trial should be granted. *See Smith v. Biomet, Inc.*, 384 F. Supp. 2d 1241, 1261 (N.D. Ind. 2005) (granting new trial motion when jury rendered verdict inconsistent with uncontroverted dispositive facts).

This Court instructed the jury that, to prevail on his claim against Defendant Mitchell, he needed to prove by a preponderance of the evidence that

> 1. Plaintiff had a serious medical need; and

> 2. Defendant was aware that Plaintiff had a serious medical need or strongly suspected facts showing a strong likelihood that Plaintiff had a serious medical need but refused to confirm whether these facts were true; and

> 3. Defendant consciously failed to take reasonable measures to provide treatment for the serious medical need; and

> 4. As a result of Defendant's actions or inaction, Plaintiff was harmed or subjected to a significant risk of harm.

(Doc. #161 at 18.) Mr. Weaver proved each element of his claim with uncontroverted evidence.

First, the uncontroverted facts showed that Mr. Weaver had serious medical needs. The evidence at trial established that Mr. Weaver had experienced severe dental pain (Ex. A (Trial Transcript) at 61:17-24), a fractured tooth (Ex. A at 65:20-23), and a tooth abscess (Ex. A at 127:16-20). Each of those conditions is listed as a condition requiring ***emergency treatment*** in the IDOC administrative directive governing dental care and is a clear serious medical need. (Ex. B (Trial Ex. 5).) And in addition to those serious medical needs, Defendant Mitchell told Mr. Weaver his #12 tooth required a post and crown to prevent it from breaking. (Ex. A at 82:17-84:19.)

Second, Defendant Mitchell knew of Mr. Weaver's serious medical needs. He complained to her directly of pain, tooth fracture, and abscess symptoms. (Ex. A at 65:1-23.) He also complained to her about receiving a root canal without a post core and crown procedure because it caused him to lose a prior tooth. (Ex. A at 57:21-22.)

Third, Defendant Mitchell failed to take reasonable measures--or in some cases any measures at all--to provide treatment to Mr. Weaver. Although his root canal took five and a half months to complete, Defendant Mitchell prescribed Mr. Weaver pain medication only once during that treatment, despite his complaints of pain. (Ex. A at 261:1-6.) Mr. Weaver complained of abscess symptoms and Defendant Mitchell prescribed him antibiotics without performing an exam. (Ex. A at 261:1-12.) When Mr. Weaver's abscess symptoms did not go away, she performed no follow-up. (Ex. A at 65:24-67:16.)

Fourth, there is no question that Mr. Weaver was harmed. He experienced prolonged, unnecessary pain that went largely untreated. (Ex. A at 61:12-24.) He suffered progressive bone loss. (Ex. A at 131:19-132:3; 218:14-219:2.) His tooth fractured repeatedly, and he permanently lost it. (Ex. A at 98:21-99:12.)

Last, the Court instructed the jury that Mr. Weaver has a limited right to refuse unwanted medical treatment. (Doc. #161 at 26.) Mr. Weaver told Defendant Mitchell

The testimony establishing the elements of Mr. Weaver's claim against Defendant Mitchell was left uncontroverted, and the evidence could therefore only support a verdict in favor of Mr. Weaver. Mr. Weaver is entitled to a new trial under Rule 59(a).

## II. Defendant Mitchell Gave False Testimony

When verdict is based on false testimony, a new trial is warranted. *See Viskase Corp. v. Am. Nat. Can Co.*, 979 F. Supp. 697, 705 (N.D. Ill. 1997), *aff'd*, 261 F.3d 1316 (Fed. Cir. 2001)

(granting new trial motion when expert witness falsely testified that he was present during certain testing, when, in fact, he was not).

Here, Defendant Mitchell testified that dental patients are seen at their scheduled appointments "99 percent of the time." (Ex. A at 197:4-198:18; 305:5-11.) That testimony is demonstrably and outrageously false. A Stateville Correctional Center Report issued in February 2014 found: "A review of monthly reports and daily work sheets revealed a failed appointment rate that averaged 40%. This is a very high percentage and reflects a serious problem in getting inmates to the clinic for their appointment." (Ex. C (Stateville Correctional Center Report) at 36.) Critically, the first reason listed for failed appointments is that "Inmates do not get their passes." (*See id.*)

Defendant Mitchell's testimony was also a complete surprise to Mr. Weaver. At her deposition, when asked substantially the same questions asked at trial, Defendant Mitchell acknowledged that patients sometimes "don't arrive at all" for a host of reasons beyond their control. (*See* Ex. D (Mitchell Deposition) at 37:5-42:20.) Her deposition testimony clearly acknowledged that a patient missing his appointments was a common occurrence.

Defendant Mitchell's testimony was also critically material. The Defense argued that the source of Mr. Weaver's problems was his refusal of treatment and his failure to show up to his scheduled appointments. (*See* Ex. A at 37:3-8; 444:17-25.) Without Defendant Mitchell's false testimony, the jury would not have had a reason to doubt Mr. Weaver's testimony that he never refused to go to an appointment that he knew about. (*See* Ex. A at 51:10-22.) Defendant Mitchell's false testimony was therefore critical to the jury's evaluation of Mr. Weaver's credibility. Given that Mr. Weaver's testimony was central to his claims and his credibility was unfairly attacked by Defendant Mitchell's false testimony, Mr. Weaver is entitled to a new trial.

## **CONCLUSION**

For the foregoing reasons, Mr. Weaver respectfully requests that this Court grant his motion for a new trial.

Dated: March 8, 2018                    Respectfully submitted,

                                     /s/ Gerald P. Meyer
                                    Gerald P. Meyer
                                    MOLOLAMKEN LLP
                                    300 N. LaSalle Street, Suite 5350
                                    Chicago, Illinois 60654
                                    312.450.6700 (telephone)
                                    312.450.6701 (facsimile)
                                    gmeyer@mololamken.com

                                    *Attorney for Wendell Weaver*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 8, 2018, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

/s/ Gerald P. Meyer
Gerald P. Meyer