IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WENDELL WEAVER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 2950 |
| | ) | |
| v. | ) | Honorable Virginia M. Kendall |
| | ) | Judge Presiding |
| DR. J. MITCHELL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF
WENDELL WEAVER'S MOTION FOR A NEW TRIAL (DKT. 164)**

**Introduction**

Plaintiff moves for a new trial on the basis that the jury's favorable verdict for Defendants was against the weight of the evidence and was based in part on alleged false testimony provided by Defendant Mitchell. (*See* Dkt. 164, *generally*).

Plaintiff's Motion should be denied because (1) a reasonable basis exists in the record to support the jury's verdict; (2) Plaintiff has not proved by clear and convincing evidence that there was false testimony provided by Defendant Mitchell; and (3) Plaintiff was not prevented from fully and fairly presenting his claim.

**Legal Standard**

Plaintiff moves for a new trial pursuant to Fed. R. Civ. P. 59. (*Id.* at 1). The decision to grant a new trial is within the sound discretion of the district court. *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 556 (1984). However, a court considering a motion for new trial may not set aside the jury's verdict "if a reasonable basis exists in the record to support the verdict, viewing the evidence in the light most favorable to the prevailing party, and leaving issues of credibility and weight of the evidence to the jury." *Kapelanski v. Johnson*,

390 F.3d 525, 520 (7th Cir.2004); *see also, Wipf v. Kowalski*, 519 F.3d 380, 384 (7th Cir.2008). "In order to receive a new trial, the defendant must show that the error was substantial enough to deny him a fair trial." *Perry v. Larson,* 794 F.2d 279, 284 (7th Cir. 1986).

"If a verdict is based on false testimony, the district judge has the discretion under Rule 59 to grant the injured party a new trial." *Antevski v. Volkswagenwerk Aktiengesellschaft*, 4 F.3d 537, 540 (7th Cir. 1993). False testimony can also be considered a form of "fraud" under Rule 60(b)(3), and courts have noted that there is no substantive difference in the standard for assessing a motion for new trial based on introduction of false testimony under Rules 59(a) and 60(b)(3). *See White v. Anthology, Inc.*, 2009 WL 4215096, at *2 (N.D. Ill. Nov. 16, 2009); *Willis v. Lepine*, 687 F.3d 826, 835–36 (7th Cir. 2012). Consequently, to succeed on this argument under either Rule 59(a) or 60(b)(3), Plaintiff must show that he maintained a meritorious claim at trial and that because of Defendant's fraud or misrepresentation he was prevented from fully and fairly presenting that claim. *See Venson v. Altamirano*, 749 F.3d 641, 651 (7th Cir. 2014); *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995). Moreover, Defendant is required to prove misrepresentation by clear and convincing evidence. *Lonsdorf*, 47 F.3d at 897.

## Argument

### I. A Reasonable Basis Does Exist in the Record to Support the Jury's Verdict

Plaintiff argues that he proved each element of his claim with uncontroverted evidence and therefore, the jury's verdict in favor of Defendants was not supported by the record. (Dkt. 164 at 3-4). This contention is incorrect as many aspects of Plaintiff's case were unsupported, contradicted or invalidated by the testimony at trial.

For example, Plaintiff maintains that Defendant Dr. Mitchell told Plaintiff that his #12 tooth required a post and crown to prevent it from breaking. (Dkt. 164 at 3). The only evidence

in the record of this fact is Plaintiff own self-serving testimony. Furthermore, this allegation was directly contradicted by Defendant Dr. Mitchell when she testified that a post, core, and crown on Plaintiff's #12 tooth was not medically necessary. (Trial Transcript, appended hereto as "Exhibit 1" at 319: 7-17). Additionally, Defendant Dr. Mitchell's testimony was supported by the fact that though Plaintiff's dental records reflect that his #5 tooth might have benefited from a post, core, and crown, there is no indication of a post, core, and crown being necessary or even beneficial in relation to Plaintiff's #12 tooth. (*Id.* at 350-351: 21-1).

Likewise, Plaintiff argues that the evidence at trial established that Defendant Dr. Mitchell failed to take reasonable measures to provide the appropriate treatment to Plaintiff. (Dkt. 164 at 4). However, instead of looking at the record in its entirety, Plaintiff conveniently cherry picks specific parts of the record to corroborate his claims.[1] However, taken as a whole, the record shows that Defendant Dr. Mitchell did take reasonable measures and provide adequate treatment. Defendant Dr. Mitchell testified that the time it took to complete Plaintiff's root canal was not unusual. (Ex. 1 at 260: 3-11). Furthermore, Dr. Mitchell testified that she never had any reason to believe that Plaintiff had an abscess. (*Id.* at 261: 1-6).

In addition, the only witness that was in a position to testify as to what measures were reasonable to provide appropriate treatment to Plaintiff was Defendant Dr. Mitchell. Dr. Mitchell never testified that her care was inappropriate or unreasonable. Plaintiff is not a dentist, and Plaintiff offered no expert witness at trial to critique or criticize Dr. Mitchell's treatment.

Consequently, the trial record does not suggest that Plaintiff proved each element of his claim with uncontroverted evidence as Plaintiff suggests.

---

[1] Most of these parts of the record are Plaintiff's own unsupported and uncorroborated testimony.

## II. Defendant Mitchell's Alleged False Testimony

### a. Plaintiff has not proved by clear and convincing evidence that there was false testimony during trial.

Next, Plaintiff argues that the jury's verdict was based on the alleged false testimony of Defendant Dr. Mitchell. Specifically, Plaintiff claims that when Defendant Dr. Mitchell testified that dental patients are seen at their scheduled appointments "99 percent of the time" she knowingly made a false statement. (Dkt. 164 at 5). To support this claim Plaintiff attempts to point to an expert report from 2014 that includes a review of the dental program at Stateville Correctional Center and states that there was a appointment fail rate of 40%. (*Id.*) However, there is no indication of the sample size or time-frame used to come to the conclusion reached by the expert report. Therefore, it is impossible to know whether this fail rate existed during the time period Plaintiff received the root canal that was the subject of this litigation. Additionally, there is no indication that Defendant Dr. Mitchell is familiar with the findings of this report. Finally, Defendant Dr. Mitchell was not a statistical expert witness. Her testimony that patients are seen 99 percent of the time was an attempt by her to express her opinion that the majority of dental patients are seen when they have an appointment. This is evident by Defendant Dr. Mitchell's subsequent testimony regarding the reasons why patients may not make their appointments. If there was any concern about the truthfulness or legitimacy of Defendant Dr. Mitchell's testimony that 99 percent of the time patients are seen, it was they jury's obligation to determine her credibility and weight of her testimony.

For these reasons, Plaintiff has failed to prove by clear and convincing evidence that Defendant Dr. Mitchell's trial testimony was false or fraudulent.

### b. Plaintiff was not prevented from fully and fairly presenting his claim.

During the course of the trial Plaintiff was not prevented from fully and fairly presenting

4

his claim. Plaintiff maintains that he was unfairly surprised by Defendant Dr. Mitchell's trial testimony that dental patients are seen 99 percent of the time. (*Id.*) To support this allegation Plaintiff points to the fact that during her deposition, Defendant Dr. Mitchell testified that patients fail to come to their dental appointments for a variety of reasons. (*Id.*). However, Plaintiff again chooses to cherry pick only portions of the record to support his contention. During the course of the trial Defendant Dr. Mitchell did testify to a number of reasons why dental patients do not come to their scheduled appointments. (Ex. 1 at 197-198: 11-14; 305-306: 12-10).

Moreover, if Plaintiff maintains that Defendant Dr. Mitchell's trial testimony was different that her deposition testimony, he had ample opportunity to impeach her. Yet, Plaintiff failed to even attempt to impeach Dr. Mitchell regarding this point.

Therefore, in no way was Plaintiff prevented from fully or fairly presenting his claim.

## Conclusion

WHEREFORE, Defendants request that this Court deny Plaintiff's Motion for a New Trial, and for any other relief the Court finds reasonable and just.

Dated: April 4, 2018

Respectfully Submitted,

LISA MADIGAN
Attorney General of Illinois

*/s/ Nicholas S. Staley*
NICHOLAS S. STALEY
Assistant Attorney General
General Law Bureau
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-3588
nstaley@atg.state.il.us

*Attorney for Defendants Mitchell and Pfister*

6

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on April 4, 2018, he electronically filed the foregoing document with the Clerk of the Court for the Northern District of Illinois by using the CM/ECF system. All participants in the case are registered CM/ECF users who will be served by the CM/ECF system.

                                                */s/ Nicholas S. Staley*
                                                NICHOLAS S. STALEY