IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WENDELL WEAVER,

        *Plaintiff*,

   v.

JACQUELINE MITCHELL and
RANDY PFISTER,

        *Defendants*.

No. 15-cv-2950

The Honorable Virginia M. Kendall

**PLAINTIFF WENDELL WEAVER'S REPLY
IN SUPPORT OF HIS MOTION FOR A NEW TRIAL**

Plaintiff Wendell Weaver moved this Honorable Court for a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure because the jury's verdict is against the weight of the evidence. Defendants responded that the jury's verdict was not against the weight of the evidence, but challenge only one element of Mr. Weaver's claim--that Defendant Mitchell failed to take reasonable measures in his dental treatment. Mr. Weaver showed that in response to his complaints of persistent abscess symptoms, Defendant Mitchell did nothing. Defendant Mitchell's decision to do nothing in the face of Mr. Weaver's complaints of a serious medical condition is unreasonable as a matter of law, and Mr. Weaver is entitled to a new trial.

Furthermore, Mr. Weaver argued for a new trial because Defendant Mitchell presented false testimony at trial. In response, Defendant Mitchell argues that Mr. Weaver did not prove that she *knowingly* gave false testimony, apparently conceding the actual falsity of her testimony. Defendant Mitchell ignores the standard. To receive a new trial, Mr. Weaver need not prove that Defendant Mitchell committed perjury, as Rule 60(b)(3) applies to both intentional and

unintentional misrepresentations. Mr. Weaver has shown that Defendant Mitchell's testimony was false and prejudiced his claim. He is therefore entitled to a new trial.

## **ARGUMENT**

### I. The Jury's Verdict Was Against the Weight of the Evidence

Again, this Court instructed the jury that Mr. Weaver's claim required him to prove by a preponderance of the evidence:

> 1. Plaintiff had a serious medical need; and
>
> 2. Defendant was aware that Plaintiff had a serious medical need or strongly suspected facts showing a strong likelihood that Plaintiff had a serious medical need but refused to confirm whether these facts were true; and
>
> 3. Defendant consciously failed to take reasonable measures to provide treatment for the serious medical need; and
>
> 4. As a result of Defendant's actions or inaction, Plaintiff was harmed or subjected to a significant risk of harm.

(Doc. #161 at 18.) Mr. Weaver proved each element of his claim.

First, in their response, Defendants do not dispute that Mr. Weaver had serious medical needs including severe dental pain (Mot. Ex. A at 61:17-24), a fractured tooth (Mot. Ex. A at 65:20-23), and a tooth abscess (Mot. Ex. A at 127:16-20). Defendants dispute only that Defendant Mitchell told Mr. Weaver his #12 tooth required a post and crown to prevent it from breaking. (Mot. Ex. A at 82:17-84:19.) While Defendant Mitchell testified at trial that a post and crown was "not necessarily" required for Mr. Weaver's #12 tooth, she never disputed having told him that a post and crown was necessary at the time. (*See* Mot. Ex. A at 319:7-17.)

Second, Defendants cannot dispute that Defendant Mitchell knew of Mr. Weaver's serious medical needs. Mr. Weaver complained to Defendant Mitchell directly of pain, tooth fracture, and abscess symptoms, which were all recorded in his medical records. (Mot. Ex. A at

2

65:1-23.) He also complained to her about receiving a root canal without a post core and crown procedure because it caused him to lose a prior tooth. (Mot. Ex. A at 57:21-22.) Defendants showed no contrary evidence.

Third, Defendant Mitchell failed to take reasonable measures to treat Mr. Weaver's continued pain during the course of his five-and-a-half month root canal. Mr. Weaver argued that although his root canal took five and a half months to complete, Defendant Mitchell prescribed Mr. Weaver pain medication only once during that treatment, despite his many complaints of severe pain. (*See* Mot. Ex. A at 261:1-6.) Defendant Mitchell responds that this evidence was put into controversy by Defendant Mitchell's testimony that it was "not unusual" for root canals to take five and a half months. Defendant Mitchell misses the point. Even if a five-and-a-half month root canal were commonplace, **ignoring a patient's complaints of pain establishes deliberate indifference**. "Prison doctors cannot simply ignore an inmate's complaints of severe pain." *Sharif v. Ghosh*, No. 12 C 2309, 2013 WL 228239, at *4 (N.D. Ill. Jan. 18, 2013) (citing *Gonzalez v. Feinerman*, 663 F.3d 311, 314-15 (7th Cir. 2011). Yet that is precisely what Defendant Mitchell did.

Further, Mr. Weaver argued that when regularly complained of abscess symptoms, and Defendant Mitchell prescribed him antibiotics without performing an exam. (Mot. Ex. A at 261:1-12.) And when Mr. Weaver's abscess symptoms did not go away, Defendant Mitchell performed no follow-up. (Mot. Ex. A at 65:24-67:16.) Defendant Mitchell argues that this evidence was put into controversy by her purported testimony that she had no reason to believe that he had an abscess, citing only to Defendant Mitchell's testimony that she sent Mr. Weaver pain medication and antibiotics on one occasion without performing an exam. (*See* Resp. at 3.) But, of course, Mr. Weaver's testimony and medical records reflect that he reported to her all of

3

the symptoms of an abscess. (*See* Mot. Ex. A at 65:24-67:16.) Defendant Mitchell simply ignored those symptoms.

Fourth, Defendants do not dispute that Mr. Weaver was harmed, including experiencing prolonged, unnecessary pain (Mot. Ex. A at 61:12-24); suffering an abscess and progressive bone loss in his jaw (Mot. Ex. A at 131:19-132:3; 218:14-219:2); and suffering multiple tooth fractures, and eventually the permanent loss of his tooth (Mot. Ex. A at 98:21-99:12).

Mr. Weaver's claim against Defendant Mitchell was uncontroverted, and Defendants have pointed to no evidence showing otherwise. The evidence could therefore only support a verdict in favor of Mr. Weaver, and Mr. Weaver is entitled to a new trial under Rule 59(a).

## II. Dr. Mitchell Gave False Testimony

Mr. Weaver argued that Defendant Mitchell gave false testimony when she testified that patients at Stateville are seen at their scheduled appointments "99 percent of the time." (Mot. at 5.) Mr. Weaver showed that testimony was false by showing a Stateville Correctional Center Report issued in February 2014 that found, after interviews with dental staff including Defendant Mitchell, "A review of monthly reports and daily work sheets revealed a ***failed appointment rate that averaged 40%***." (*See* Mot. Ex. C at 36.)

In response, Defendants argue that Defendant Mitchell may not have known that her testimony was false because she may not have been familiar with the report and because she was not a statistical expert witness. First, it does not matter whether Defendant Mitchell knew that her testimony was false. Mr. Weaver is entitled to a new trial even if Defendant Mitchell's false testimony was given unintentionally. *See Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995) ("Fed.R.Civ.P. 60(b)(3) applies to both intentional and unintentional misrepresentations.").

And second, there is no question that Defendant Mitchell's testimony was false. The Report was issued in February 2014, based on a comprehensive review of medical records during the timeframe in which Mr. Weaver sought treatment for his #12 tooth. (*See* Mot. Ex. C at 29 (explaining the report's comprehensive review of dental records).) In fact, the report was based in part on interviews with dental staff including Defendant Mitchell--Stateville's only full-time dentist. (See Mot. Ex. C at 30.) And Defendant Mitchell testified that she was interviewed by experts who audited the dental practice and that she reviewed their findings and recommendations. (*See* Mot. Ex. A at 309:19-310:24.) Defendant Mitchell's testimony that 99% of patients make their appointments--*i.e.*, virtually all patients are seen--simply cannot be reconciled with Stateville's own findings that 40% of patients--***nearly half***--miss their appointments.

Third, there is also no question that Mr. Weaver's case was prejudiced by Defendant Mitchell's false testimony. Mr. Weaver was surprised by Defendant Mitchell's testimony, which was a complete about-face from her deposition testimony. (*See* Mot. Ex. D at 37:5-42:20.) And the Defendants made Mr. Weaver's failure to make his appointments central to their defense. (*See* Mot. Ex. A at 37:3-8; 444:17-25.) Without Defendant Mitchell's false testimony, the jury would not have had reason to blame Mr. Weaver for his own dental problems or to doubt his testimony that he never refused to go to a dental appointment that he knew about. (*See* Ex. A at 51:10-22.)

## CONCLUSION

For the foregoing reasons, Mr. Weaver respectfully requests that this Court grant his motion for a new trial.

5

Dated: April 11, 2018                          Respectfully submitted,

                                                /s/ Gerald P. Meyer
                                                Gerald P. Meyer
                                                MOLOLAMKEN LLP
                                                300 N. LaSalle Street, Suite 5350
                                                Chicago, Illinois 60654
                                                312.450.6700 (telephone)
                                                312.450.6701 (facsimile)
                                                gmeyer@mololamken.com

                                                *Attorneys for Wendell Weaver*

Case: 1:15-cv-02950 Document #: 172 Filed: 04/11/18 Page 6 of 7 PageID #:3482

Dated: April 11, 2018                              Respectfully submitted,

                                                /s/ Gerald P. Meyer
                                                Gerald P. Meyer
                                                MOLOLAMKEN LLP
                                                300 N. LaSalle Street, Suite 5350
                                                Chicago, Illinois 60654
                                                312.450.6700 (telephone)
                                                312.450.6701 (facsimile)
                                                gmeyer@mololamken.com

                                                *Attorneys for Wendell Weaver*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 11, 2018, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

                                                /s/ Gerald P. Meyer
                                                Gerald P. Meyer